MARK FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
RICHARD I. YANKWICH (Bar No. 089924)
richard.yankwich@dlapiper.com
MICHAEL G. SCHWARTZ (Bar No. 197010)
michael.schwartz@dlapiper.com
RAJIV DHARNIDHARKA (Bar No. 234756)
rajiv.dharnidharka@dlapiper.com
SAORI KAJI (Bar No. 260392)
saori.kaji@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
MICRO-PROBE INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FORMFACTOR, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICRO-PROBE INCORPORATED, a California corporation; and DAVID BROWNE, an individual,<br><br>Defendants. | CASE NO. 4:10-CV-03095-PJH (JCS)<br><br>**DECLARATION OF RICHARD I. YANKWICH IN SUPPORT OF DEFENDANT MICRO-PROBE INCORPORATED'S BILL OF COSTS PURSUANT TO CIVIL LOCAL RULE 54, CALIFORNIA CIVIL CODE § 3426.4 AND 28 U.S.C. § 1920.** |

I, Richard I. Yankwich, hereby declare as follows:

1. I am an attorney with the law firm of DLA Piper LLP (US) ("DLA Piper"), counsel for Defendant Micro-Probe Incorporated ("Micro-Probe"). I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify thereto.

2. I have reviewed the invoices for costs incurred in connection with the trade secrets misappropriation and related claims asserted by Plaintiff FormFactor, Inc. ("FormFactor") in Phase I of this case.

3. A majority of the costs incurred in connection with the trade secrets

misappropriation claim and related Phase I state law claims were invoiced by third-party vendors through DLA Piper to Micro-Probe. The relevant excerpts of the invoices issued by DLA Piper to Micro-Probe for the relevant period are attached hereto as <u>Exhibit A</u> ("DLA Piper invoices"). Other costs that Micro-Probe paid directly are reflected in the invoice attached hereto as <u>Exhibit B</u>. The underlying third-party vendor invoices reflected in the DLA Piper invoices are attached hereto as <u>Exhibits C through E</u>.

4. I verify that all costs listed in Defendant Micro-Probe Incorporated's Bill Of Costs ("Bill of Costs") and Defendant Micro-Probe Incorporated's Itemization Of Bill Of Costs ("Itemization") submitted herewith are correctly stated, were necessarily incurred and performed in this action and are recoverable under 28 U.S.C. § 1920, Civil Local Rule 54-3, California Civil Code § 3426.4, relevant case law, and/or the June 7, 2012, Order Re Cross-Motions For Summary Judgment (Dkt. No. 189, "Summary Judgment Order").

5. I further verify that all costs included in Micro-Probe's Bill of Costs are fairly attributable to FormFactor's bad faith prosecution of its trade secrets misappropriation and related Phase I claims.

6. In relevant part, California Civil Code section 3426.4, provides: "If a claim of misappropriation is made in bad faith . . . the court may award reasonable attorney's fees and costs to the prevailing party. Reasonable costs hereunder shall include a reasonable sum to cover the services of expert witnesses . . ."

7. The statement that the costs in Micro-Probe's Bill of Costs are recoverable is based on relevant judicial decisions including without limitation, *Petroliam Nasional Berhad v. Godaddy.com, Inc.*, 2012 WL 1610979, at *4 (N.D. Cal. May 8, 2012) (awarding costs incurred in connection with e-discovery, including costs for work performed by technicians); *Baxter Healthcare Corp. v. Fresenius Medical Care Holdings, Inc.*, 2011 WL 3880416, at *3 (N.D. Cal. Sept. 2, 2011) (finding that $228,296.47 was a reasonable cost for document production of roughly 2.7 million pages); *Parrish v. Manatt, Phelps & Phillips, LLP*, 2011 WL 1362112, at *2 (N.D. Cal. Apr. 11, 2011) (holding that costs incurred for "reproduction, scanning, [conversion,] and imaging of client documents 'for review and potential production' or 'for initial production' .

. . are properly recoverable") and *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1151 (N.D. Cal. 2010) ("The cost of videotaping, including video technicians fees, as well as the cost of a copy of the videotape and written transcript are taxable costs"; awarding over $760,000 in costs). *See also FAS Technologies, Ltd. v. Dainippon Screen Mfg., Co.*, 2001 WL 1159776 (N.D. Cal. Sept. 21, 2001) (granting fees and costs for bad faith prosecution of a trade secrets misappropriation claim under California Civil Code §3426.4); *VSL Corp. v. General Technologies, Inc.*, 1998 WL 124208 (N.D. Cal. Jan. 5, 1998); *Stilwell Dev., Inc. v. Chen*, 1989 WL 418783 (N.D. Cal. Apr. 25, 1989); *Flir Sys., Inc. v. Parrish*, 174 Cal.App.4th 1270, 1273-82 (2009) (same); *Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 95 Cal.App.4th 1249 (2002) (same).

8. Under relevant case law, bad faith for Section 3426.4 requires (1) that the claim is objectively specious and (2) that the plaintiff acted with subjective bad faith. *See, e.g., Fas Tech. Ltd.*, 2001 WL 1159776. California courts have interpreted "made in bad faith" to include both bringing and maintaining a cause of action. *VSL Corp.*, 1998 WL 124208, at *3; *Stilwell Dev., Inc.*, 1989 WL 418783, at *3.

9. Objective speciousness exists where there is complete lack of evidence supporting plaintiff's claim. *See Fas Tech. Ltd.*, 2001 WL 1159776, at *3 (citing to *Computer Econ., Inc. v. Gartner Group, Inc.*, 1999 WL 33178020 (S.D. Cal. Dec. 14, 1999); *see also Flir Sys.*, 174 Cal.App.4th at 1276 ("Objective speciousness exists where the action superficially appears to have merit but there is a complete lack of evidence to support the claim."). Subjective bad faith may be inferred by evidence that plaintiff intended to cause unnecessary delay, filed the action to harass respondents, or harbored an improper motive. *Flir*, 174 Cal.App.4th at 1278, 81-82 (finding subjective bad faith based on plaintiff's reliance on the inevitable disclosure doctrine and misappropriation theory based on a mere possession of a hard drive by a former employee).

10. Micro-Probe submits that FormFactor's filing of the trade secrets misappropriation claim, and FormFactor's continued prosecution of the claim through issuance of Judge Hamilton's Summary Judgment Order, establish both objective and subjective bad faith under applicable law. Judge Hamilton's June 7, 2012 order (Dkt No. 189), with express

findings that FormFactor could not produce evidence on any of the essential elements of the misappropriation claim, provides ample evidence of FormFactor's bad faith. Judge Hamilton's additional finding that the breach of confidence and unfair competition claims were based on the same nucleus of operative facts as the trade secret misappropriation claim is further evidence of FormFactor's bad faith and indicates that all of Defendants' attorney's fees and costs incurred in Phase I are recoverable.[1]

**I.  DEPOSITION COSTS RECOVERABLE UNDER LOCAL RULE 54-3(C).**

11.  FormFactor took the depositions of eight fact witnesses from Micro-Probe, David Browne, Dr. Andrew McFarland, Steven Ortega, Kerry Benkoski, Dr. Michael Slessor, Gary Martell, Tonja Marsh and Wesley Taylor, during Phase I of this case. FormFactor also took the depositions of Micro-Probe's two expert witnesses, James Vaughn and Dr. Alan Cox.

12.  Micro-Probe took the depositions of four fact witnesses, Benjamin Eldridge, Timothy Lillie, Michael Ludwig and Colleen Cremerius, during Phase I of this case. Mr. Eldridge testified as a 30(b)(6) witness on behalf of FormFactor. However, because Mr. Eldridge was not sufficiently prepared for his first deposition on December 16, 2011, Magistrate Judge Spero ordered FormFactor to produce Mr. Eldridge for deposition for a second time (*See* Dkt No. 108). Pursuant to Magistrate Judge Spero's Order, Mr. Eldridge subsequently testified on March 23 and 24, 2012. Micro-Probe also deposed FormFactor's two expert witnesses, Jeffrey H. Kinrich and Dr. Annette Ermshar.

13.  Micro-Probe used the information obtained during the above depositions in its successful motion for summary judgment as to FormFactor's trade secret misappropriation and related Phase I claims.

14.  Section I of Micro-Probe's Itemization identifies the costs that necessarily were incurred in connection with the depositions that took place during Phase I of this case. Documentary support for Section I consists of the DLA Piper invoices (Exhibit A) and the third-party vendor invoices related to the depositions attached hereto as Exhibit C. Most of the costs

---

[1] Although no briefing is required under the Local Rules in submitting the Bill of Costs, Micro-Probe will provide additional authority as requested by the Court.

related to the depositions in Section I were invoiced to Micro-Probe through DLA Piper, and thus are reflected in the relevant excerpts of the DLA Piper invoices. Certain costs that have not been billed to Micro-Probe through DLA Piper as of this date and thus are not reflected in the DLA Piper invoices are supported by the relevant underlying third-party invoices in <u>Exhibit C</u>.

**II.   DISCOVERY COSTS RECOVERABLE UNDER LOCAL RULE 54-3(D).**

15.   Since the inception of this law suit, FormFactor has propounded a total of 246 Requests for Production of Documents. FormFactor's First Set of Requests for Production of Documents (October 20, 2010), Second Set of Requests for Production of Documents (October 21, 2010), Third Set of Requests for Production of Documents (November 4, 2010) and Fourth Set of Requests for Production of Documents (December 23, 2011) are attached hereto as <u>Exhibits F through I</u>.

16.   In particular, FormFactor's Request for Production No. 244 on December 23, 2011, sought updated production in response to 99 Requests for Production (*i.e.*, Request for Production Nos. 24-29, 32, 34, 47-54, 58, 60-70, 72-84, 116-119, 122-160, 163-17[3], 224-226, and 233-243). <u>Exhibit I</u> at 2. FormFactor eventually withdrew one of the 99 Requests (*i.e.*, Request No. 49) on the ground that it was a "patent-related request" but insisted that Micro-Probe update its production on the remaining 98 Requests during Phase I of the case. *See* Dkt No. 106 – Parties' Discovery Letter Brief (Feb. 21, 2012) at 2.

17.   Request No. 244 became the subject of FormFactor's motion to compel before Magistrate Judge Spero notwithstanding the fact that Micro-Probe had produced over 5 million pages of documents at that point. *See* Dkt No. 106 at 2-3. In an order dated March 6, 2012, Magistrate Judge Spero granted FormFactor's motion to compel and ordered Micro-Probe to update its production in response to Request No. 244 (*i.e.*, nearly one hundred document requests). *See* Dkt No. 108 – Civil Minutes Order (Mar. 6, 2012) at 1.

18.   Micro-Probe has produced 6,387,902 pages of documents in electronic format in Phase 1 of this case. In compliance with the parties' stipulation, Micro-Probe produced the pages in single-page TIFF format, Bates numbered, with corresponding Concordance data load files and Opticon image load files which included additional information regarding the documents that

1  could be loaded into the Relativity database for review.

2      19.    Micro-Probe incurred $700,153.43, or approximately $0.11 per page, relating to
3  the e-discovery processing including, but not limited to, copying, scanning, converting files to
4  image format, importing data into a database for quality control and running search terms, Bates
5  numbering, labeling of confidentiality designations and redaction.

6      20.    In order to minimize costs and meet discovery timelines, Micro-Probe's counsel
7  used an internal team of litigation support technicians in addition to outside discovery vendors.
8  The fees of these internal litigation support technicians are reflected in the DLA Piper invoices.
9  The underlying third-party discovery vendor invoices reflected in the DLA Piper invoices are
10 attached hereto as Exhibit D. An additional invoice of a third-party discovery vendor that Micro-
11 Probe paid directly is attached hereto as Exhibit B.

12     21.    All of the costs included in Micro-Probe's Bill of Costs for reproducing documents
13 for use in the case were necessary and related to disclosure or formal discovery documents.
14 These costs are listed in Section II of Micro-Probe's Itemization.

15 **III.  ADDITIONAL COSTS RECOVERABLE PURSUANT TO CAL. CIV. CODE § 3426.4.**
16
17     22.    In defending against FormFactor's trade secrets misappropriation claim, Micro-
Probe also necessarily incurred additional costs that do not fall within the categories enumerated
18
in Civil Local Rule 54-3, but that are recoverable under California Civil Code § 3426.4. *See Fas*
19
*Tech. Ltd.*, 2001 WL 1159776, at *3-5; *Flir Systems*, 174 Cal.App.4th at 1277-82.
20
21     23.    Section III of Micro-Probe's Itemization identifies the additional costs that
necessarily were incurred in connection with the defense of FormFactor's trade secrets
22
misappropriation and related claims. Documentary support for Section III consists of the DLA
23
Piper invoices (Exhibit A) and the third-party vendor invoices attached hereto as Exhibit E.
24
    I declare under penalty of perjury under the laws of the United States that the foregoing is
25
true and correct. Executed June 21, 2012, at East Palo Alto, California.
26
27                               By  */s/ Richard I. Yankwich*
                                  Richard I. Yankwich
28